CASE 73—ACTION TO ENJOIN COLLECTION OF TAX—MAY 22.

# Providence Banking Co. v. Webster County, &c.

APPEAL FROM WEBSTER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

TAXATION—FRANCHISE OF UNINCORPORATED BANK.

Held:    1. Under Constitution, sec. 174, providing that "nothing in this Constitution shall be construed to prevent the General Assembly from providing taxation based on income, licenses or franchises," it is in the power of the Legislature to declare what corporations or companies possess franchises subject to taxation.

108   527
f135   327

2. Under Kentucky Statutes, sec. 4077, providing that various corporations, including incorporated banks, "and every other like company, corporation or association," and Id. Section 4082, providing that any person or association of persons, not being a corporation or having capital stock, engaged in the business of any of the corporations mentioned in section 4077, shall be deemed and treated as such corporations for the purpose of taxation, an unincorporated banking company must pay a tax upon its franchise.

M. C. & G. D. GIVENS, ATTORNEYS FOR APPELLANT.

1. A franchise is a privilege to do what the ordinary citizen can not do. Com. v. City of Frankfort, 13 Bush, 185, and authorities there cited.
2. Private banks are restricted and can not do with their money as the citizen may do, but a restriction is not a franchise. Com. v. Henderson Bridge Co., 17 L. R., 392.
3. Capital stock and franchise are separate and distinct things. Franklin County v. Deposit Bank, 87 Ky., 383, and cases there cited.
4. Neither the Constitution nor statutes authorize a franchise tax against private banks or bankers. See secs. 4077 and 4082 of Ky. Stats., and sec. 174 of the Constitution; also case of Louisville Warehouse Co. v. Com., 20 Ky. Law Rep., 1747.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The Providence Banking Company is a private banking company or partnership, not incorporated. The question here involved is, is it liable to pay a franchise tax? It is insisted that it does not possess a franchise, in the meaning of the Constitution and statutes, and that there can not be imposed upon it a tax in the nature of one on a franchise. It is urged that the word "franchise" has a well-defined legal signification, and that it can not be attached to persons engaged in a private banking enterprise. The Legislature is the judge, within constitutional limitations, as to what shall be taxed. The Constitution does not place upon the Legislature the necessity of imposing a tax on franchises, for the last clause of section 174 of the Con-

stitution is as follows: "Nothing in this Constitution shall be construed to prevent the General Assembly from providing taxation based on income, licenses or franchises." The constitutional convention fearing that there might be a construction placed upon the provisions of the Constitution which would restrict the Legislature in the matter of imposing taxes upon incomes, licenses, and franchises, the declaration we have quoted was inserted as part of that section. The Legislature is not prohibited from declaring what corporations or companies possess a franchise subject to taxation. It is within its power to make the designation, and authorize the levying of taxes thereon. In the exercise of that power it enacted sections 4077, 4082, Kentucky Statutes, which read as follows:

"Section 4077. Every railway company or corporation, and every incorporated bank, trust company, guarantee or surety company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace-car company, dining car company, sleeping-car company, chair-car company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised."

"Section 4082. Whenever any person or association of

persons not being a corporation nor having capital stock, shall, in this State, engage in the business of any of the corporations mentioned in the first section of this article [4077], then the capital and property, or the certificates of other evidences of the rights or interests of the holders thereof in the business of capital and property employed therein, shall be deemed and treated as the capital stock of such person or association of persons for the purposes of taxation and all other purposes under this article, in like manner as if such person or association of persons were a corporation."

In Louisville Warehouse Co. v. Com., (Ky.), 49 S. W., 1069, the court decided that the warehouse company was not embraced by the provisions of the statute, and it was only corporations performing a public service which were so embraced. In section 4077 it will be observed that the franchises of incorporated banks are embraced. After enumerating the corporations which should pay the tax, there is a general provision as follows: "And every other like company, corporation or association." The Providence Bank is a company, and is carrying on a banking business as would an incorporated bank. If section 4077 was not broad enough to enable the taxing authorities to impose a franchise tax upon the appellant, then section 4082 would do so, because it provides that any person or association of persons, not being a corporation or having capital stock, so engaged in the business of any of the corporations mentioned in section 4077, shall be deemed and treated as such corporations for the purposes of taxation. We are of the opinion that the appellant is liable to pay a franchise tax, as it would be if it were incorporated. The judgment is affirmed.