Vol. 124.]   JANUARY TERM, 1907.   535

Commonwealth By &c., v. Cumberland Telp. & Telg. Co.

CASE 68.—ACTION BY THE COMMONWEALTH OF KEN-
TUCKY BY FRANK A. LUCAS AS REVENUE
AGENT FOR THE STATE-AT-LARGE AGAINST THE
CUMBERLAND TELEPHONE & TELEGRAPH COM-
PANY TO RECOVER A FRANCHISE TAX.—
February 5.

# Commonwealth By &c., v. Cumberland Telp. & Telg. Co.

Appeal from Christian Circuit Court.

THOMAS P. COOK, Circuit Judge.

From a judgment of the circuit court affirming an order of the county court sustaining a demurrer to the statement plaintiff appeals.   Affirmed.

Taxation—Corporations and Corporate Property—Corporate Fran-
chise.—Ky. Stats., 1903, sections 4077-4081, provide that cer-
tain corporations, including telephone companies, shall, in
addition to other taxes, annually pay a tax on their franchises
to the State and a local tax thereon to the county, incorpo-
rated city, town, and taxing district where the franchises may
be exercised; and each corporation shall report the amount
of tangible property in the State, and where situated and
assessed, and the fair cash value thereof; and the board of
valuation and assessment is to fix the value of the capital
stock of each corporation, and from such amount deduct the
assessed value of all tangible property assessed in the State—
the remainder to be the value of its corporate franchise, sub-
ject to taxation in each county, incorporated city, town, or
district through or into which the lines of the company pass.
Section 4020 provides that all property of domestic corpora-
tions, including intangible property, considered in determining
value of franchises, shall be subject to taxation, unless
exempt by the Constitution, and shall be assessed at its
fair cash value. Held, that the bonds, notes, accounts, cash,
stock in other corporations, and other credits of a telephone
corporation are intangible property, and not subject to assess-

ment by the local assessor, but are to be considered by the board of valuation in fixing the franchise tax.

TAYLOR & LUCAS and JOHN C. DUFFY for appellants.

HUNTER WOOD & SON and WM. L. GRANBERRY for appellee.

(No briefs—record misplaced.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Frank A. Lucas, as revenue agent for the State at large, filed a statement in the name of the commonwealth against the Cumberland Telephone & Telegraph Company in the Christian county court, in which he charged that for the years 1900, 1901, 1902, 1903 and 1904 the telephone company was the owner and in possession of bonds, notes, accounts, cash in hand and in bank, stock in other corporations, and other credits, of the value of $5,000,000, and that it had failed to list the same, or any part thereof, with the assessor or board of supervisors of Christian county. The county court sustained a demurrer to the statement, and dismissed the proceedings. An appeal was taken to the circuit court, which entered the same judgment, and the plaintiff has appealed to this court.

The question to be determined is whether the stocks, bonds, notes, accounts, money, and other credits, of the telephone company, which is a Kentucky corporation, are to be listed with the assessor in its home county, or are to be considered by the board of valuation and assessment in assessing the franchise of the company? It is not averred that this board has not assessed the property referred to; but it is insisted that this board has no authority to consider such mat-

ter, and that the proper place for the property to be assessed is with the county assessor at the residence of the corporation. The case simply involves a construction of the statute. Article 1 of the revenue act relates to general provisions; article 2. assessment of property; article 3, the assessment of certain corporations. Section 4077, Ky. Stat., 1903, which is the first section of article 3, provides that certain corporations. including telephone companies, shall each, "in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised." The next section (4078) provides how the franchise tax is to be fixed, and requires certain reports from these corporations. One of the things required to be reported is "the amount and kind of tangible property in this State, and where situated, assessed, or liable to assessment, in this State, and the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale." The next section (4079) requires the board to take into consideration all the facts before it, and fix the value of the capital stock of the corporation, and from the amount thus fixed, to "deduct the assessed value of all tangible property assessed in this State, or in the counties where situated. The remainder thus found shall be the value of its corporate franchise subject to taxation as aforesaid." Section 4081 further provides that the corporate franchise shall be liable to taxation in each county, incorporated city, town, or district through or into which the lines of the company pass, in the same proportion that the length of the line in such county, city, town, or district bears to the whole length of lines in the State.

When the entire capital stock of a corporation is

valued, this represents all of its property of every kind; for every part of the property the company goes to make up the value of its capital stock. The only deduction from this sum total, authorized to be made by the statute, is the assessed value of all the tangible property assessed in the State, or in the counties where situated, and, that the board may know what deduction to make, the corporation is required to report the amount and kind of tangible property it owns in the State, where situated, assessed, or liable to assessment. As the board of valuation is not authorized to deduct from its assessment anything but the tangible property assessed, or liable to assessment, in this State, it necessarily follows that all other property except this is included in its assessment. Section 4020 of the general provisions reads as follows: "All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the property be in or out of this State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as hereinafter provided, shall be subject to taxation, unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale." This provision also shows that the intangible property of the corporations subject to the franchise tax must be considered and estimated in fixing the value of corporate franchises as provided by subsequent sections. The property referred to in the statement is intangible property, and was not subject to assessment by the local assessor, but was to be considered by the board of valuation in fixing the franchise tax. The franchise tax under the statute is, as has been often held, simply

a tax upon the intangible property of the corporation. Henderson Bridge Company v. Commonwealth, 99 Ky. 641, 17 Ky. Law Rep. 389, 31 S. W. 486, 29 L. R. A. 73; Louisville Tobacco Warehouse Company v. Commonwealth, 106 Ky. 165, 49 S. W. 1069, 20 Ky. Law Rep. 1747, 57 L. R. A. 33; Marion National Bank v. Burton (Ky.), 90 S. W. 944, 28 Ky. Law Rep. 864, 121 Ky. 876.

Judgment affirmed.