324        KENTUCKY REPORTS.    [Vol. 135.

Common'lth, on Relation of Auditor's Agent v. Louisville Gas Co.

CASE 41.—PROCEEDING BY THE COMMONWEALTH ON RELATION OF AUDITOR'S AGENT AGAINST THE LOUISVILLE GAS CO. TO ASSESS OMITTED PROPERTY.—November 5, 1909.

## Commonwealth, on Relation of Auditor's Agent v. The Louisville Gas Co.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Circuit Judge.

Judgment for Gas Co., and the Commonwealth appeals.—Affirmed.

1.  Taxation—Uniformity—Taxation of Corporations and Individuals—"Property Tax"—"Privilege Tax."—Ky. St. 1909, Secs. 4077, 4082, provide that certain corporations, including gas companies, shall in addition to other taxes, annually pay a tax on their franchise to the state and a local tax thereon to the county, town, etc., where a franchise is exercised; and each corporation shall report the amount of tangible property in the state, and where situated and assessed and the fair cash value thereof; and the board of valuation and assessment is required to fix the value of the capital stock of each corporation and from such amount deduct the assessed value of all tangible property assessed in the state; the remainder to be the value of its corporate franchise subject to taxation, etc. By another provision all the property of domestic corporations, including intangible property considered in determining the value of the franchises, shall be subject to taxation unless exempt by the Constitution. Held, that within Const. Sec. 174, requiring the property of corporations and natural persons to be similarly taxed, and allowing such further license, income and franchise taxes as the Legislature may deem proper, the tax on the franchise of a gas company was a "property tax" on the intangible property, and not a "privilege tax" for engaging in a business that natural persons could not, since under section 4082 natural persons engaged in such business are taxed as such corporations are.

2. Taxation—Uniformity—Taxation of Corporations and Individuals.—Held, also, that the franchise tax is not a privilege tax imposed on the right to be a corporation.

3. Taxation—Shares of Stockholders—Effect of Tax on Corporate Property.—Under such statute, where the corporation does report and pay taxes on all its property as required, then the stockholders of the corporation are not required to list their shares in the company for taxation.

4. Taxation—Shares of Stockholders—Effect of Tax on Corporate Property—Shares Owned by Other Corporation.—Where a gas company is a shareholder in an electric company, all the property of which has been reported and taxed, including its franchise under such statute, the gas company's liability for taxation on its shares are precisely as any other shareholder, and hence the shares are not assessable.

5. Taxation—Corporate Franchise—Mode of Valuation.—Held, also, that the bonds of the electric company owned by the gas company were to be computed in determining the value of the latter's franchise as any other property.

6. Taxation—Corporations—Omitted Property—Burden of Proof.—Under said statutes, in a proceeding to assess omitted property, the burden of proof is on the state to show that the bonds of the electric company held by a gas company were omitted from the latter's report of its taxable property.

7. Taxation—Corporation—Omitted 'Property—Sufficiency of Report.—Under such statutes, where the gas company reports what it claims to be all its taxable property, but the report does not specifically show that bonds of an electric company which the gas company owns are listed, the bonds cannot be taxed as omitted property, where the board of assessment does not require a further report.

8. Courts—Precedents—Stare Decisis.—Where ruling precedents as to the construction of a statute are long and definitely settled and the business of the state has become adapted to it, the construction will not be departed from.

M. J. HOLT for appellant.

HUMPHREY, DAVIE & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This is, a proceeding begun in the Jefferson county court to assess as omitted property certain stocks

and bonds of another corporation owned by appellee gas company. The judgment was for the taxpayer. Formerly the Louisville Gas Company operated in Louisville, in addition to its plant for the manufacture of gas, an electric light plant. In 1902 it sold the light plant, and took in part payment $1,500,000 5 per cent. bonds of the purchasing company, called the Louisville Lighting Company, and 16,667 shares of the capital stock of the latter company, of the par value of $100 a share. These bonds and stock were owned by appellee for the tax year of 1904. In August, 1904, it sold all the bonds except $670,000 worth, par value, since which date it has owned that amount of bonds and the stock named. The capital stock of appellee is $3,600,-000. The bonds of the lighting company had during the years in question (which are the years of 1904 and 1905) a market value of 102 and 103, and the stock paid regularly a dividend of 4 per cent. Appellee is what is called a "public service corporation." It is, by the provisions of section 4077, Ky. Stat., required to pay, "in addition to the other taxes imposed on it by law," "annually a tax on its franchise" to the state, and "a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised."

The first question is, what is the franchise to be taxed? The second is, how is its value to be ascertained? The third is, has it been done in the manner provided by the statute?

Appellant contends that the franchise to be taxed is not the intangible property of the corporation, but is a privilege tax; that is, it is a tax imposed upon the privilege of engaging in a business that a natural person could not engage in. But that posi-

tion cannot be maintained of the Kentucky Statutes. Natural persons may engage in the business of manufacturing and selling gas, as well as in some of the other business that is subjected to this tax. When they do, they are taxed upon the same principle as corporations are that are engaged in like business. Section 4082, Ky. Stat.; Providence Bk. Co. v. Webster Co., 108 Ky. 527, 57 S. W. 14, 22 Ky. Law Rep. 214. Nor is a tax imposed upon the right to be such a corporation. The organization tax imposed by sec. 4225, Ky. Stat., which is one-tenth of 1 per cent. of the authorized capital of such corporation, is the only tax exacted of a corporation for being and exercising the trade allowed by its charter. The Constitution requires taxes to be imposed alike upon the property of corporations and natural persons (section 174), and it allows in addition the imposition of a license tax, an income tax, and a franchise tax, as the Legislature may determine upon.

So far the Legislature of this state has not provided for an income tax, and license taxes are imposed upon certain kinds of business, but not upon that of serving the public as do corporations like appellee gas company. The assessing board created and empowered by the statute (section 4077, supra) to value the franchises subjected to the tax is given a large discretion in the manner of its procedure; but it is required of the property owner subjected to the tax to make a report showing, among other things, the amount of the capital stock of the corporation, the nature of its business, how its shares are divided, the amount of paid-up stock, its par and market values, the highest price at which the stock has been sold at a bona fide sale in the preceding 12 months, the amount of surplus

fund and undivided profits, "and all other assets;" the total indebtedness as principal; the gross and net income, "and including interest on investments;" the value of its tangible property, "and such other facts as the Auditor may require" (section 4078, Ky. Stat.); the length of line of railroads and other common carriers, and other provisions especially applicable to corporations doing an interstate business. The direction to the board is then summed up (section 4079, Kentucky Statutes): "Said board from said statement, and from such other evidence as it may have, if such company, corporation, or association be organized under the laws of this state, shall fix the value of the capital stock of the corporation, company or association as provided in the next preceding section (4078), and from the amount thus fixed shall deduct the value of all tangible property assessed in this state, or in the counties where situated. The remainder thus found shall be the value of its corporate franchise subject to taxation as aforesaid."

It is thus made clear that the tax imposed is a property tax, pure and simple. It groups all the property of the corporation, and values it according to its earning or producing capacity. In a sense the capital stock of the corporation represents all its property; but it was known that sometimes the market value of such stock differs from its actual or earning value. The franchise value takes into consideration all these elements which go to make the real value of the corporation property considered as an entirety. It has been so construed and held in Henderson Bridge Co. v. Commonwealth, 99 Ky. 623, 31 S. W. 486, 17 Ky. Law Rep. 389, 29 L.

R. A. 73; Hager v. American Surety Co., 121 Ky. 791, 90 S. W. 550; 28 Ky. Law Rep. 782; Commonwealth v. Cumberland Tel. Co., 124 Ky. 535, 99 S. W. 604, 30 Ky. Law Rep. 723; Henderson Bridge Co. v. Kentucky, 166 U. S. 154, 17 Sup. Ct. 532, 41 L. R. A. 953; Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky. 165, 49 S. W. 1069, 57 L. R. A. 33; Aetna Life Insurance Co. v. Coulter, Auditor, 115 Ky. 803, 74 S. W. 1050, 25 R. 193; Marion National Bank of Lebanon v. Burton, Sheriff, 121 Ky. 876, 90 S. W. 948, 28 R. 864, 10 L. R. A. (N. S.)947; Commonwealth v. Walsh's Trustee (Ky.) 117 S. W. 398. Had we doubt of the correctness of that construction, we should not feel at liberty to depart from it after it has been so long and definitely settled, and the business of the state has become adapted to it.

The corporation in this state is required to pay taxes on all its property not specifically exempt by the Constitution from taxation. When the corporation does report and pay the tax on all its property, as required by the statute, then the stockholders of the corporation are not required to list their shares in the company for taxation. Section 4088, Ky. Stat.; Commonwealth v. Walsh's Trustee, supra. The Louisville Lighting Company is a domestic franchise-taxed corporation. Appellee gas company is a shareholder in the lighting company. The gas company's liability to taxation upon the shares of the lighting company owned by it are precisely the same as on other shareholders. It is conceded that the lighting company was assessed and paid its franchise tax. Being so, the shareholders are not assessable. So appellee was not required to pay upon so much of its in-

tangible property as was represented by those
shares, a fact doubtless taken into consideration by
the state board in fixing the value of appellee's fran-
chise.   Commonwealth v. Steele, 126 Ky. 670, 104 S.
W. 687, 31 Ky. Law Rep. 1033; Commonwealth v.
Ledman, 127 Ky. 603, 106 S. W. 247, 32 Ky. Law
Rep. 452; Commonwealth v. Ames, 106 S. W. 306,
32 Ky. Law Rep. 569.   But upon the bonds appellee
was required to pay precisely as it did upon its
other intangible property; that is, the bonds, and
their market value and earning quality were perti-
nent facts to be reported to the state board, and in
estimating the value of appellee's franchise those
bonds were considered, or ought to have been, as
any other chose in action owned by appellee.

Appellee contends that the action of the State
Board of Valuation and Assessment in valuing a
franchise for taxation is one act, not severable, and
whether it considered all the evidence bearing upon
the value of the franchise, or omitted to take some
evidence that it might have required, cannot be re-
viewed by the courts in a proceeding to list omitted
property; that the thing being now considered, i. e.,
whether the bonds were included in the gas com-
pany's report and the board's estimate, might be
omitted evidence, but not omitted property, as there
was no warrant for the board to assess the bonds
in any event as property.   This franchise tax is
new.   It is substitutional as a method of valuation
only.   Its like existed under the old statutes of this
state where choses in action and the like were
grouped as "miscellany."   Then a taxpayer could
have reported, say, $10,000 in "miscellany," which
was supposed to embrace all his notes and accounts;
but suppose he had notes to the amount, and solvent,

of $20,000, not an erroneous valuation of those reported as $10,000, but $10,000 in addition.  It would scarcely have been contended that the failure to list C. D.'s notes for $10,000 was merged in the listing of the A. B. notes.

The Legislature could have required corporations to pay on each item of their intangible property, on their notes, bonds, accounts, capital stock, and so forth, in detail; but it allowed all these properties to be grouped for purposes of taxation, as a more convenient and just method of assessing.  It was not contemplated that the privilege thus accorded the taxpayer was to be a shield for his neglect or fraud in omitting a material part of his property.  If, for example, a railroad corporation owns two different lines of railroad in this state, but reports only one of them, and the earnings of but one, it must be apparent that the failure to report the other is something more than an omission of evidence.  It would be an omission of property.  It is not true that the bonds in appellee's hands are not taxable. They are.  The Constitution prohibits their exemption. Section 174.  But the manner of assessing them is to have them reported to the state board, and there valued as a part of the owner's "franchise." When they are omitted, property liable to taxation is omitted.  It may be brought in and assessed as omitted property under section 424, Ky. Stat. (Russell's St. sec. 4815).

But were the bonds omitted?  Appellant took the burden of showing that they were.  He produced the reports, filed with the Auditor of State by the gas company.  The reports did not name the bonds; but the reports did show that the company reported its gross income from "coke, tar, ammonia, etc.,"

at $187,886.18 for one of the years, and approximately the same for the other, while it reported "gross earnings from gas" at $391,569.45. The reports did not disclose the facts as they should have done, and as the state board might have required. Appellee's bookkeeper testified that the bonds were reported by and included in that item. The books of the company would have shown. Appellant might have compelled their production; but it did not.

The evidence in the record then is that the bonds were not omitted from the report, and actually went into the consideration of the board in fixing the value of the franchise; that is to say, the income produced by the interest on the bonds was treated as part of the company's gross earnings, and, whether from bonds or the sale of gas, went to enhance the value of the company's money earning capital by that much. So that it appears that the bonds were in fact, though perhaps not in name, as effectually valued in making the franchise assessment as if they had been reported specifically as they should have been.

Finding no prejudicial error in the record, the judgment must be affirmed.