## Commonwealth, on Relation, etc., v. Southern Pacific Company.

(Decided October 13, 1911.)

### Appeal from Franklin Circuit Court.

Franchise—Assessment—State Board of Valuation and Assessment—Intangible Property—County Assessor.—The State Board of valuation and assessment was the proper authority to assess the franchise of the Southern Pacific Company for the year 1906, and as that board was required in fixing the value of the franchise to take into consideration the bonds and other intangible property, the assessor of Jefferson County, where the home office of that company is located, was without authority to assess the company on its bonds.

AUTHUR E. HOPKINS, McQUOWN & BECKHAM and D. W. SANDERS for appellants.

HUMPHREY & HUMPHREY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was brought in the Franklin Circuit Court by the Commonwealth of Kentucky, on relation of Arthur E. Hopkins, revenue agent for the State at large, against the Southern Pacific Company, a corporation having its domicile in Jefferson County, Kentucky, to recover of it State taxes for the year 1906 upon intangible, personal property consisting of bonds of the value of $49,500,000.00. The action is based upon the difference between an assessment of $50,000,000, made as of September 15, 1905, by the assessor of Jefferson County, and the reduction of that assessment to $500,-000.00 by the Board of Supervisors of Jefferson County,

made at a time when it was claimed that the powers of that board had expired. Among other defenses the defendants pleaded that the county assessor had no power to make the assessment. It also appears that the defendant had filed for the year in question, with the Auditor of Public Accounts, the report required by section 4077, Kentucky Statutes, and that the State Board of Valuation and Assessment, after considering that report, assessed appellee's franchise at $1,000,000.00. To each of the several defenses presented by the answer of the defendant the plaintiff interposed a demurrer. The demurrers were overruled, the petition dismissed, and the Commonwealth appeals.

It appears that the assessor placed upon the books against the Southern Pacific Company the item of "$50,000,000 Bonds." The only question we deem it necessary to consider is whether or not the county assessor had the authority to make the assessment.

Though the demurrer admits that, for the year in question, the Southern Pacific Company made its report to the Auditor of Public Accounts and the State Board of Valuation and Assessment as required by the statute, and that Board assessed that Company's franchise at $1,000,000.00, it is insisted for appellant that the statute then in force did not authorize the State Board of Valuation and Assessment to make the assessment, because the Southern Pacific Company had no line in this State. This precise question, however, was before us in the recent case of Southern Pacific Co. v. Commonwealth 134 Ky. 410. It was there held that the State Board of Valuation and Assessment was the proper authority to make the assessment, and in the absence of a showing of a fraud or mistake its action was final and conclusive.

But it is argued that under the statutes regulating the assessment of franchises, only the tangible property could be included, and as the bonds in question constituted intangible property, they were not included in the assessment made by the State Board of Valuation and Assessment, and that the county assessor, therefore, had the power to assess these bonds just as he would assess any other intangible property. In the case of Commonwealth v. Cumberland Telephone & Telegraph Co., 124 Ky. 535, the Commonwealth sought to recover of the telephone company taxes for certain years on bonds, notes, accounts, cash, stock in other corpora-

tions and other credits, of the value of $5,000,000.00, which it was claimed the telephone company had failed to list with the assessor or the Board of Supervisors of Christian County. In discussing the question of whether or not the property involved was subject to assessment by the local assessor or was to be considered by the Board of Valuation and Assessment in fixing the franchise tax, this court said:

"When the entire capital stock of a corporation is valued, this represents all of its property of every kind; for every part of the property of the company goes to make up the value of its capital stock. The only deduction from this sum total, authorized to be made by the statute, is the assessed value of all the tangible property assessed in the State, or in the counties where situated, and, that the board may know what deduction to make, the corporation is required to report the amount and kind of tangible property it owns in the State, where situated, assessed, or liable to assessment. As the board of valuation is not authorized to deduct from its assessment anything but the tangible property assessed, or liable to assessment, in this State, it necessarily follows that all other property except this is included in its assessment. Section 4020 of the general provisions reads as follows: 'All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the property be in or out of this State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as hereinafter provided, shall be subject to taxation, unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale.' This provision also shows that the intangible property of the corporations subject to the franchise tax must be considered and estimated in fixing the value of corporate franchises as provided by subsequent sections. The property referred to in the statement was intangible property and was not subject to assessment by the local assessor, but was to be considered by the board of valuation in fixing the franchise tax. The franchise tax under the statute is, as has been often held, simply a tax upon the intangible property of the corporation. Henderson Bridge Company v. Commonwealth, 99 Ky. 641, 17 Ky.

Law Rep. 389, 31 S. W. 486, 29 L. R. A. 73; Louisville Tobacco Warehouse Company v. Commonwealth, 106 Ky. 165, 49 S. W. 1069, 20 Ky. Law Rep. 1747, 57 L. R. A. 33; Marion National Bank v. Burton (Ky.), 90 S. W. 944, 28 Ky. Law Rep. 864, 121 Ky. 876.''

Being of the opinion that the action of the county assessor in assessing the bonds in question was without authority, it follows that the judgment of the trial court should be affirmed, and it is so ordered.