## Stoll Oil Refining Company v. State Tax Commission.

(Decided May 20, 1927.)

### Appeal from Franklin Circuit Court.

1.  Courts.—Court of Appeals' former opinion, supported by convincing reasons, that oil-refining company, paying railroad companies to transport oil in its tank cars, was subject to ad valorem taxes on its intangible property or "franchise," under Ky. Stats., section 4077, held binding under doctrine of stare decisis.
2.  Courts.—While doctrine of stare decisis does not tie court's hands nor compel court to continue to perpetrate error, it is entitled to great weight, and is adhered to by most courts, unless principle established by prior decisions is clearly erroneous.
3.  Courts.—Where former opinion has some logical foundation, and people's rights have become adjusted to it, it is court's duty to adhere thereto, but, if it is wholly illogical and entirely unsupported by reason, court may correct and overrule it.

MORRIS & JONES and STANLEY NEWHALL for appellant.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, and JOHN W. FARMER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Stoll Oil Refining Company, a corporation, as plaintiff below, filed this equity action in the Franklin circuit court against the appellee and defendant below, state tax commission, to enjoin it from assessing plaintiff with the value of its intangible property for the purpose of collecting ad valorem taxes thereon as is provided by section 4077 of the Kentucky Statutes, and which intangible property under that section is usually denominated a franchise, but which is totally separate and distinct from the privilege of becoming a corporation, and which latter is usually denominated a corporate franchise. Indeed, the section supra, providing for the

ascertaining and assessment of the particular character of property, which, as we have said, is for the want of a better name called "franchise," does not limit the assessment to corporations, but imposes the burden upon everyone who may engage in any of the businesses coming within the purview of the statute, whether expressly enumerated or not, or whether conducted by a corporation, partnership, or individual.

It was alleged in the petition that plaintiff was engaged in the business or refining oil, and that it had supplied itself with a number of tank cars constructed so as to be capable of running upon and over the standard gage railroad, and that it paid the different railroad companies an agreed or stipulated amount to haul those tank cars in the transportation of crude oil from its storage to plaintiff's refining plant in Louisville, Ky., and in transporting the refined oil to plaintiff's customers, and that the cars were not used by the railroad companies in the transportation of like freight for another customer. It was expressly negatived in the petition that plaintiff came within any of the expressly enumerated businesses set forth in the section supra, nor was it engaged in any like business as that engaged in by any of such expressly mentioned businesses. It was also alleged therein that in owning and operating its tank cars in the manner indicated it did not exercise any special or exclusive privilege "not allowed by law to natural persons," nor did it perform any public service in doing so. It was also alleged that plaintiff under protest had filed its report pursuant to the requirements of section 4078 of the Statutes, as a basis for the assessment herein attacked, with the state tax commission; the taxes involved being only for the years 1924 and 1925. The prayer of the petition was:

> "Wherefore plaintiff prays that the defendants and each of them be forever enjoined from making any assessment against it, based on the report herein, and from assessing it for franchise purposes under section 4077 and companion sections, and from certifying or collecting or attempting to certify or collect any tax based on such assessment, and it prays for its costs herein expended, and for all relief allowable in equity."

Defendant's demurrer, filed to the petition, was sustained, and, plaintiff declining to plead further, it was

dismissed, and, complaining thereof, plaintiff prosecutes this appeal.

Learned counsel for plaintiff in their brief begin their somewhat logical, as well as somewhat convincing, argument with this statement:

> "We realize at the outset that we are confronted with this court's opinion (by Judge O'Rear) in James, Auditor v. Kentucky Refining Co., 132 Ky. 353, 113 S. W. 468, and admit that the business as conducted by the plaintiff is identical with the business then carried on by the Kentucky Refining Company."

The case therein referred to involved in all of its essential and material respects the identical question involved in this case, and, if the majority opinion therein is to be adhered to, there is no course open to us except to affirm the judgment; all of which is practically admitted in counsels' brief filed in this court.

But they most strenuously insist that the opinion in the James case was and is erroneous, and that we should now overrule it and adopt in its stead the dissenting opinion therein prepared by Judge Hobson and concurred in by two other members of the court. We have on this hearing again reconsidered the question by the whole court, and, while there is considerable argument in support of the position of counsel, there are likewise substantial reasons in support of the majority opinion in the James case. Since its rendition, taxes have been assessed and collected thereunder against similarly situated concerns, and public appropriations and expenditures have been adjusted to the conception that the levying and collecting of such taxes was authorized by law. To hold otherwise now, even if we were convinced that the conclusion of the majority opinion in the James case were doubtful and should be disregarded, would not only cause the Commonwealth to repay the taxes so collected to the one or ones so paying them within the limitation period, but it would also unhinge the adjustment of expenditures to collections hereinbefore referred to. If, therefore, the majority opinion in the James case may be supported by a plausible and reasonable interpretation of the statute, the doctrine of stare decisis would require of us that we should follow instead of

overruling it. It is true that the doctrine referred to does not operate to tie the hands of the court and compel it to continue to perpetrate error, but at the same time, as it is said in volume 6, Caldwell's Kentucky Judicial Dictionary, p. 2589:

> "The doctrine of stare decisis has not lost its place in the law, and, as said, in substance, in the case of Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, 924, it is entitled to great weight, and is adhered to by most courts, unless the principle established by the prior decisions is clearly erroneous. Siebert v. Garrett, 197 Ky. 17, 246 S. W. 455."

A number of cases on the same and the next page, circumscribing the extent of the doctrine as well as its effect upon the courts adhering to or overruling its prior opinions are referred to. Where the opinion has some logical foundation for its conclusions and declarations, and the rights of the people as well as those of the public have become adjusted to it, it is the duty of the court to observe and apply the doctrine by adhering to the former opinion. On the other hand, if the former opinion is wholly illogical and entirely unsupported by reason, and therefore clearly erroneous as well as harmful, the court is at liberty to correct such erroneous opinion and to overrule it as being clearly unfounded and unsupported. As before stated, we do not find the majority opinion in the James case within the latter category. On the contrary, there appear to be very convincing reasons in support of it, and which are fully set out in the opinion itself, which was prepared by Judge O'Rear, then a member of this court. It would serve no useful purpose to repeat those reasons in this opinion, since the reader, if he so desires, may readily find them by a reference thereto.

Being convinced that the James opinion should not be overruled, but for the reasons stated should be adhered to, it results that the judgment appealed from was proper, and it is affirmed.

Whole court sitting.