## MARTIN et al. v. PRODUCERS PIPE LINE CO.

### No. 8209.

Circuit Court of Appeals, Sixth Circuit.

June 7, 1940.

Jesse K. Lewis and A. E. Funk, both of Frankfort, Ky. (Hubert Meredith, A. E. Funk, and Jesse K. Lewis, all of Frankfort, Ky., on the brief), for appellants.

Wilbur K. Miller, of Owensboro, Ky. (Cary, Miller & Kirk, Arthur D. Kirk, and Wilbur K. Miller, all of Owensboro, Ky., on the brief), for appellee.

Before SIMONS, ALLEN and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a decree of permanent injunction, restraining appellants from assessing against appellee for the year 1936 a franchise tax under § 4077, Carroll's Kentucky Statutes.[1]

The facts for the most part are not in controversy. Appellee is a Delaware corporation which operates a pipe line for the transportation of crude petroleum through five counties of Kentucky. The oil is purchased by appellee in a competitive market, and after passing through its pipe line to the Ohio River, it is loaded upon appellee's barges and carried to the Louisville Refining Company, at Louisville, Kentucky, which purchases appellee's entire output.

Appellee constructed its pipe line on a right of way acquired by purchase from landowners, and has never exercised the right of eminent domain. In five counties its pipe line crosses under various county roads, and in three of those counties, in compliance with § 164 of the Kentucky Constitution, appellee has bought and paid for county franchises. No franchises have been secured in the other two counties. In every instance where the pipe line crosses under a state highway, this crossing has been made under a permit issued by the State Highway Commissioner of Kentucky.

Appellee contended below, and the District Court held, that it does not own or exercise any special or exclusive privilege or franchise not allowed by law to natural persons; that it does not perform any public service, and that it is not a "pipe line company," within the meaning of § 4077,

---

[1] The pertinent portion of § 4077 reads as follows:

"Every railway company or corporation, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, bus line company, palace car company, dining car company, sleeping car company, chair car company, tank car company, coal car company, pipe line company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the state, and a local tax thereon to the county, incorporated city, town, and taxing district, wherein its franchise may be exercised."

Carroll's Kentucky Statutes, and hence is not subject to the tax.

■ Appellants' contention that the jurisdictional amount of $3,000, exclusive of interest and costs, is not involved, must be overruled. Under § 4079, Carroll's Kentucky Statutes, the valuation of a corporate franchise is determined by valuing the capital stock and deducting therefrom the assessed value of all tangible property. One method of making such valuation is by capitalizing the net income. Appellee's profit in the year 1936 was thus capitalized, and after deduction of the book value of the tangible assets, a franchise value of over $2,000,000 was determined, which at the statutory tax rate would make the estimated tax in question amount to approximately $10,000.

■■ Nor was this a case required to be tried by a three-judge court, under § 380, Title 28 U.S.C. 28 U.S.C.A. § 380. Appellee did not attack the constitutionality of the Kentucky statute involved. An assessment is neither a statute nor an order of an administrative board. Gully, State Tax Collector v. Interstate Natural Gas Co., 292 U.S. 16, 54 S.Ct. 565, 78 L.Ed. 1088. Hence the jurisdictional prerequisites for establishment of a three-judge court to determine these questions did not exist.

■ More serious contentions are, (1), that under the Kentucky holdings, which control here (Supreme Lodge Knights of Pythias v. Meyer, 265 U.S. 30, 44 S.Ct. 432, 68 L.Ed. 885; Hartford Accident & Indemnity Co. v. N. O. Nelson Mfg. Co., 291 U.S. 352, 358, 54 S.Ct. 392, 78 L.Ed. 840), appellee is one of the companies enumerated in § 4077, and thus subject to the tax, and also, (2), that appellee exercises special and exclusive privileges or franchises not allowed by law to natural persons in the use of the highways for crossing purposes, above described.

■ That appellee falls within the enumerated companies of § 4077 is plain, as the statute expressly names "pipe line company" in the first classification of the section. It has been stated in effect in leading Kentucky decisions that the corporations specifically named in § 4077 are liable for the franchise tax simply by virtue of the fact that they fall within the enumerated class. Appellee, however, urges that this view is incorrect, and that the companies specifically named in the first part of the section are liable for the tax

only if they serve the public directly or indirectly, or use the facilities of or furnish facilities to a common carrier.

The Kentucky Court of Appeals, in Louisville Tank Line Co. v. Commonwealth, 123 Ky. 81, 93 S.W. 635, 636, answering the contention that the phrase "a like company" was meant to apply only to such companies as enjoy a special privilege not allowed by law to natural persons, declared:

"The Legislature intended of course to lay the franchise tax upon all the corporations whose business is expressly named in the section. It intended also to lay the tax on others not specifically named, but which are otherwise described. They are, first, those corporations or associations engaged in 'like' or similar business to any enumerated just before in the statute; also, second, every other concern exercising an exclusive or special privilege or franchise; also, third, any private corporation performing a public service. Each classification is very comprehensive in the term used. Each was meant to include something in addition to those already indicated. It was not intended to confine the section either to 'public service' corporations, or those exercising an exclusive privilege. * * * Others named, while they do serve the public in a sense, are not engaged in 'the public service' that the statute refers to. They are such as guaranty and security companies, and trust companies. But it was clearly intended to bring under the tax all persons or corporations engaged in any particular business named, and all others not named but engaged in like business, or so similar as to reasonably and justly fall within any of the classes described."

This doctrine was followed in James, Aud. v. Kentucky Refining Co., 132 Ky. 353, 359, 113 S.W. 468. In Stoll Oil Refining Co. v. State Tax Commission, 221 Ky. 29, 296 S.W. 351, a specific attack was made upon this construction of § 4077, but the Court of Appeals of Kentucky adhered to its position.

The Supreme Court of the United States, in Adams Express Co. v. Kentucky, 166 U.S. 171, 17 S.Ct. 527, 530, 41 L.Ed. 960, speaking of § 4077, stated that "the legislative intention · is plain that the entire property, tangible and intangible, of all foreign and domestic corporations, and all foreign and domestic companies possessing no franchise," should be valued and taxed under this statute.

Appellee, however, urges, and the District Court held, that the tax may not legally be imposed because appellee performs no public service and has or possesses no special or exclusive privilege within the meaning of the statute.

While expressions supporting appellee's contention can be picked out from certain Kentucky holdings which involve ordinary business corporations, and hence are not helpful (Cf. Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky. 165, 49 S. W. 1069, 57 L.R.A. 33; Commonwealth v. Walsh's Trustee, 133 Ky. 103, 117 S.W. 398), in view of the decisions squarely upon this point, and also in view of the history of this provision, we think that the conclusion of the District Court was erroneous. The statute clearly makes the classification of enumerated companies as a separate group subject to the tax without any limitation or qualification, and Providence Banking Co. v. Webster County, 108 Ky. 527, 57 S.W. 14, held that the legislature had the power to make such classification. This case is controlling upon this court. There a private banking company sought to evade the tax, raising objections similar to those urged here by appellee. The statute at that time included in the list "every incorporated bank, trust company, guarantee or security company," and while the Providence Banking Company exercised no public service and had no special privilege or franchise, it was held taxable under the statute. The section was later amended, and banks, trust companies, guarantee and surety companies were removed from the list of enumerated corporations liable to the tax. However, Providence Banking Co. v. Webster County, supra, has never been reversed, and decides the precise question presented here. It states the law of Kentucky that if appellee is one of the enumerated companies, or one of the "like" companies, it is subject to the tax.

In spirit, the decision has been reaffirmed recently in State Tax Commission v. Petroleum Exploration, 253 Ky. 119, 68 S.W.2d 777, 780, which declares:

"It is to be noted in the first group, including pipe line companies and gas companies specifically, that the statute does not undertake to define or qualify the various companies or to confine the tax to any particular character of business in which they may be engaged. It unqualifiedly requires the payment of the annual tax by every such company. * * * the Legislature intended to lay the tax upon all the enumerated companies expressly mentioned in that section and clearly meant to bring under the tax all persons or companies engaged in any particular business named."

Also appellee falls within the statutory description of those corporations which have or exercise a "special or exclusive privilege or franchise not allowed by law to natural persons." It is plain that in this portion of the section the word "franchise" is used in the usual sense of a special privilege conferred by grant from the government, and not in the sense of "intangible property," as used later in the section, and as defined in Consolidation Coal Co. v. Martin, 6 Cir., 113 F.2d 813, this day decided. Irvine Toll Bridge Co. v. Estill County, 210 Ky. 170, 275 S.W. 634, holds that a franchise is the privilege of doing that which does not belong to the citizens generally by common right. We think that this holding illuminates the meaning of the phrase "not allowed by law to natural persons." A privilege which belongs to the citizens generally by common right is the legal equivalent of one which natural persons have under the law.

Under § 3766b-1 of Carroll's Kentucky Statutes, appellee is vested with the power of eminent domain. The provision gives that power to all corporations "organized for the purpose of constructing, maintaining or operating oil or gas well or wells or pipe line or lines for conveying, transporting or delivering oil or gas, or both." The section declares that the operation of pipe lines conveying oil or gas is a public use. While appellee has never exercised this power, having secured its right of way by contract with private owners, within the plain terms of the section it has a special privilege which is not allowed by law to natural persons.

Moreover, the franchises sought and obtained in three counties to build pipe lines across county roads, and the obtaining of permits under §§ 1599c-1 and 1599c-2, Carroll's Kentucky Statutes, to construct pipe lines under state highways, gave to appellee special and exclusive privileges within the meaning of § 4077. The privilege is exclusive, for no one else may use appellee's pipe line. There is no distinction in principle between such a privilege and the special franchise enjoyed by a telephone company to erect poles and wires in the streets, or by a water company

to lay mains in the streets. These privileges are not enjoyed by the citizens as of common right, nor are natural persons authorized by law to build pipe lines for their exclusive use across county roads. Such a privilege may be acquired in Kentucky only under governmental grant. To hold that such privileges do not constitute valuable special franchises within the meaning of the statute we think ignores its purpose.

The decree is reversed and the case is remanded with instructions that the District Court enter a decree dissolving the injunction and dismissing the bill.