## Brooks v. Clark County et al.

Jan. 18, 1944.

D. L. Pendleton and Harvey T. Lisle for appellant.

J. Marshall McCann for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The appellant, Theodore Brooks, instituted this action for damages for personal injuries against Clark County and its fiscal court, James Sewell, a truck driver, and the American Automobile Insurance Company, which had issued a policy to Clark County covering, among other vehicles belonging to the county, a truck operated by Sewell. It was alleged that the injuries were caused by the negligence of Sewell while operating the truck for the county. The liability sought to be asserted was under "Coverage A" of the policy.

The policy, which is in the broad form of the standard automobile liability policy, contains an insuring clause "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of * * * accident and arising out of the ownership, maintenance, or use, of the truck, * * *," etc.

A further provision of the policy was: "No action shall lie against the Company; (1) as respects coverage A, until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured, after actual trial of the issue, or by written agreement of the insured, the claimant, and the company."

Words could not more clearly express the intention of the parties that the contract of insurance was one of indemnity only. The policy permits one who has secured a judgment against the insured to enforce it against the insurance company.

Numerous legal conclusions as to the effect of the policy were pleaded but the foregoing provisions are the

only ones having any material bearing on the question before us.

The appellant dismissed the action against Sewell. The trial court then sustained a general demurrer to the petition and dismissed it. This appeal is from the judgment of dismissal.

It is contended by the appellant, in substance, that the policy indemnifies against liability and not against actual loss and that since the policy was issued by the company with knowledge that no judgment could be rendered against the county the provisions requiring judgment first to be obtained against the county should be regarded as nonsensical or repugnant. The argument is that since the policy was issued with knowledge of the county's nonliability it was the intention of the parties that the insurance was taken out for the sole purpose of benefiting the public who might be injured and not for the purpose of reimbursing the county for damages it might have to pay. In support of this argument it is urged that it is in line with public policy that insurance of this nature be procured by governmental subdivisions and that such policy is evidenced by KRS 160.310 providing for the purchase of such insurance by school boards and by KRS 67.180 permitting fiscal courts of counties containing a city of the second class to purchase such insurance for the protection of employees and the public.

The argument for the appellant is weighted with sufficient appeal to incline us favorably to his position if this were an open question in this court, but such is not the case. In Simons v. Gregory et al., 120 Ky. 116, 85 S. W. 751, 752, decided in 1905, the identical question was before the court. The insurance company issued a policy by which it bound itself to indemnify the county against loss it might sustain by reason of accident or injury to any person on an elevator in the court house. In disposing of this question the court said, ''As to the Fidelity & Casualty Company, as its contract was only to indemnify the county and fiscal court against loss, no action can be maintained against it by the plaintiff where neither the county nor the fiscal court are liable to her.''

That decision has remained unmodified and has been cited with approval many times. It was followed in Williams' Adm'x v. Church Home, 223 Ky. 355, 3 S. W. 2d 753, 62 A. L. R. 721, in holding a charitable institution

not liable for injuries sustained on one of its elevators although it was insured by an indemnity policy, since there was no liability on the policy.

We feel constrained by the doctrine of stare decisis to adhere to this rule established many years ago and consistently approved. Much has been written on this doctrine and we will enter into no discussion of it further than to quote from Hubley's Guardian v. Wolfe, 259 Ky. 574, 82 S. W. 2d 830, 835, 101 A. L. R. 1359; ''A rule established for many years should be changed, if at all, by the Legislature, where business and property rights have been conformed to it. Com. v. Louisville Gas Co., 135 Ky. 324, 122 S. W. 164; Miles v. National Bank of Ky., 140 Ky. 376, 131 S. W. 26. The stare decisis doctrine is entitled to great weight and should be adhered to unless the principle established is clearly erroneous— this rule in relation to its effect upon private affairs we have held is but the application of the doctrine of estoppel in court decisions. Oliver Co. v. Louisville Realty Co., 156 Ky. 628, 161 S. W. 570, 51 L. R. A., N. S., 293, Ann. Cas. 1915C, 565; Stoll Oil Refining Co. v. State Tax Comm., 221 Ky. 29, 296 S. W. 351.''

We must assume that the policy in question was issued in reliance on our previous decisions. In fact, it is insisted in the brief for the appellee that such was the case and that a special low rate premium was charged for the policy. In this connection also our attention is called to the fact that a degree of protection is afforded by the policy in that it requires the insurance company to defend any action brought against the county for injury by its vehicles and that the company is liable to indemnify any person using one of the vehicles on a private mission and, consequently, that the county's money was not being expended frivolously.

The doctrine of stare decisis forbids the setting of a judicial trap. While it does not operate to tie the hands of the court and compel it to perpetuate error, it is entitled to great weight and should be adhered to unless the principle established by the prior decisions is clearly and manifestly erroneous. While we feel inclined to regard the decision in Simons v. Gregory as dubious, the question is a debatable one and is not so clearly erroneous and unfounded as to justify a departure from it at this late date. Business has conformed to it and if there is any change it should be by the legislature.

In certain instances the legislature has modified the rule, as is illustrated by sections 160.310 and 67.180 of KRS, referred to above. In Taylor v. Knox County Board of Ed. 292 Ky. 767, 167 S. W. (2d) 700, 145 A. L. R. 1333, we upheld the right of action of a person injured by a school bus against an insurance company which had issued an indemnity policy to the school board, but that policy was issued pursuant to KRS 160.310 which permits the board to be sued and a judgment obtained against it to measure the liability of the insurance carrier to the injured party. The policy involved in that case also contained a provision that the insurance company would not deny liability by reason of the named insured being a state, county or municipal corporation. It was pointed out that the contract of insurance was entered into with the understanding that the insured could not be compelled to pay a judgment against it and that it was a policy issued for the benefit of injured parties who could sue the insurer when liability had been determined by a judgment against the school board. This holding, however, was based solely on the statute authorizing the insurance and imposing liabilty on the insurance company.

A similar statute, applicable to fiscal courts, may be desirable but in the absence of such a statute we feel constrained to follow our previous rulings. Indeed, the enactment of the statutes referred to, changing the rule announced in Simons v. Gregory in its application to particular governmental subdivisions, indicates legislative recognition of the rule and confirmation of it in its application to governmental subdivisions not included in the remedial legislation.

Affirmed. Whole Court sitting.