JONES v. SCOFIELD BROS., Inc. (REIN-DOLLAR et al., Third-Party Defendants).

Civil Action No. 3381.

District Court, D. Maryland

Sept. 15, 1947.

Paul Due, of Due, Nickerson & Whitford, all of Baltimore, Md., for defendant & third-party plaintiff.

Hall Hammond, Atty. Gen. of Md., and Robert E. Clapp, Jr., Asst. Atty. Gen., for State Roads Commission.

Wm. A. Grimes, of Ober, Williams, Grimes & Stinson, all of Baltimore, Md., for third-party defendant.

Leonard Weinberg, of Weinberg & Green, all of Baltimore, Md., for plaintiff.

CHESNUT, District Judge.

The plaintiff has sued the original defendant, Scofield Brothers, Inc., for personal injuries allegedly resulting from negligence in the operation of an automobile truck by an employe of the defendant, upon a ferry boat operated by the State Roads Commission of Maryland, under express legislative authority (c. 856 of the Acts of 1941, codified as §§ 140A to 140M of Art. 89B Ann.Code of Maryland, Supp.1943) from Sandy Point across the Chesapeake

Bay. By an amended third-party complaint the original defendant, Scofield Brothers, Inc., has impleaded the State Roads Commission alleging that the accident was due wholly or partially to negligence of the agents of the Commission in operating the ferry boat. The State Roads Commission has moved to dismiss this third-party complaint against it on the ground that it is an essential governmental agency of the State of Maryland, and is therefore not liable to suit.

After considering arguments by the parties on the motion, I have decided that it must be granted.

It is not contended that there is presently, or was at the time of the accident, any express permission granted by the Legislature of Maryland to sue its State Roads Commission. And it is not contended that any appropriation has been made by the Legislature for the payment of tort suits against the Commission.

In State v. Rich, 126 Md. 643, 95 A. 956, 957, the Court of Appeals of Maryland directly held that the State Roads Commission could not effectively be sued for personal injuries occasioned by its alleged negligence occurring in the execution of road work committed to its control, because the Commission was a governmental agency charged with the exercise of an important public function. It was said—

"In view of the relation which the Commission thus bears to the state, it is entitled, in a case like the present, to the benefit of the State's immunity from suit, unless it has been made liable to be sued for negligence by legislative enactment. The theory upon which the State is held to be exempt from such a liability is that the prosecution of suits against it, without its consent, would be incompatible with its sovereignty, and that any claim as to which it ought justly to assume responsibility would be satisfied voluntarily through the action of the Legislature. State v. Baltimore & Ohio R. Co., 34 Md. [344], 374; Poe's Pleading, (4th Ed.) § 512."

The same doctrine of sovereign immunity has been applied to other State agencies; in the educational field as in Williams v. Fitzhugh, 147 Md. 384, 128 A. 137 (alleged breach of contract of employment as a teacher) and in University of Maryland v. Maas, 173 Md. 554, 557, 197 A. 123, ( a case for breach of a building contract). In Lohr v. Upper Potomac River Commission, 180 Md. 584, 26 A.2d 547, a State agency relating to flood control activities was held not suable in tort in a suit brought by one injured by the alleged negligence of one of the agency's employes. See also Davis v. State, 183 Md. 385, 392, 393, 37 A.2d 880, relating to the State Board of Medical Examiners, and Mayor and City Council of Baltimore v. State, 173 Md. 267, 271, 195 A. 571, relating to the operation of a swimming pool in a public park, where the City was exercising what was held to be governmental function of the State itself.

It is clear, therefore, ordinarily at least, that Maryland State governmental agencies may not be sued without their consent in the courts of the State. And the same result follows in this federal court by reason of the 11th Amendment.

Counsel for Scofield Brothers, the original defendant, seek to distinguish these clear authorities of the Maryland Court of Appeals on the ground, as set up in the third-party complaint against the State Roads Commission, that the latter has purchased with State funds insurance designed to protect persons and property carried on its ferries and that the policy of the particular ferry boat—"is for coverage of $600,000 and provides that, as to the State Roads Commission's liability for loss of life or personal injury to any one upon said ferry the insurance company undertakes to make good to the said State Roads Commission all loss and damage or expense as the said State Roads Commission shall, as owner of said ferry, have become liable to pay or shall pay on account of such loss of life or personal injury; that the State Roads Commission has the right under said policy to require said insurance company without the payment of any additional premium, to waive any defense of governmental immunity that could otherwise be interposed on its behalf."

It is also pointed out that counsel appearing for the State Roads Commission in this suit are the Assistant Attorney General of the State of Maryland and Mr. William A. Grimes, who, it is said by counsel for

Scofield Brothers, really represents the insurer. It seems to be argued by counsel for Scofield Brothers that, as it is the duty of the Attorney General to prosecute and defend on the part of the State all cases by or against the State, and section 3 of Article 32a of the Maryland Code makes it unlawful for State agencies to retain or employ other counsel, therefore it should be held that Mr. Grimes' appearance should be considered only as in accordance with section 140E of Article 89B of the Maryland Code, 1943 Supp., which provides that the trust indenture securing the bonds from which the purchase of the ferry was made might contain covenants in relation to the maintenance, operation, repair and insurance of the ferry project.

In my opinion the appearance of Mr. Grimes in this case in association with the Assistant Attorney General does not have the signifiance contended for by counsel for Scofield Brothers. Mr. Grimes does not appear on the record as counsel for the insurance companies and even if it should be fairly inferable that he does represent them in the matter, the insurer is not a party to this case and it is not even suggested it has or could have any primary liability to Scofield Brothers. The right given by the policy to the State Roads Commission to require the insurance company to waive the Road Commission's immunity from suit, is an option to the Roads Commission and does not constitute any obligation of the insurance company even to the Roads Commission unless the option is exercised by the Commission. We must also remember that as the third-party complaint is against the Roads Commission and not against the insurer, the liability, if any, of the Roads Commission would be direct and primary and absolute, even if the insurer was insolvent or not liable on the policy to the Roads Commission.

It is also argued by counsel for Scofield Brothers that the Maryland cases in refusing to permit tort suits against State agencies are really based on the ground, in particular cases, of lack of funds of the agency to make payment and it is contended that the above averment in the third-party complaint with regard to the existence of insurance shows that the doctrine of non-liability in tort cases is not applicable to this particular case.

Reference is made to the earlier case of State Roads Commission of Maryland v. Postal Telegraph Cable Co., 123 Md. 73, 91 A. 147, 148, in which the Maryland Court of Appeals permitted the Commission to sue the Postal Telegraph Company to recover compensation for the use by the latter of the Conowingo Bridge. In that case the Court said:

"For all matters coming within the scope of their duties and obligations they could therefore sue, and were liable to be sued."

It will be noted that at the time that case was decided (1914) section 78 of Article 91 of the Maryland Code was in force and expressly provided that the Commission could sue and be sued with respect to matters affecting particular county roads. Subsequently, by chapter 536 of the Acts of 1916 that particular section was repealed and reenacted without retaining the phraseology respecting the rights to sue and be sued; and in the still later case of Fisher & Carozza Bros. Co. v. Mackall, 138 Md. 586, 592, 593, 114 A. 580, where the particular legislation is reviewed, it was explained by the Court that the decision in the Postal Telegraph Case was not based on the particular statute then in force but on the intrinsic nature of the particular claim involved.

As I read the Maryland cases upon the subject of tort suits against State agencies, the doctrine of the court is that the question as to the liability to suit with respect to each particular agency depends upon the proper construction of the whole Acts of the Legislature under which the agency is created and operates. Thus in Lohr v. Upper Potomac River Commission, 180 Md. 584, 26 A.2d 547, supra, the agency was held not liable in a tort case even though the Act under which it was created expressly provided for suits by and against it. The court examined the whole Act and concluded that the general expression was not intended to create liability in tort. In some of the cases the emphasis of the denial of liability in tort was placed largely if not wholly, upon the consideration that the agency was not provided with funds to pay damages in tort cases, and therefore

had no means of responding in damages. But this consideration, while important, is not the only one which may affect the matter of construction of the statute on the point involved. The liability of municipal corporations for certain torts is in the nature of an exception to the general rule that State agencies are not liable in tort. But, as appears from Mayor and City Council of Baltimore v. State, 173 Md. 267, 271, 195 A. 571, supra, even a municipal corporation is not liable in tort where the nature of its operation is performance of a governmental function. Then again, municipal corporations ordinarily have the power of taxation which can be exercised to provide funds for the payment of damages in tort cases. Counsel have not called to my attention any Maryland case, nor have I found any, in which a State agency (other than municipal corporations) has been held liable in tort cases for negligence.

■■ I have not been able to reach the conclusion that the somewhat incidental reference to insurance of the ferry project provided for in section 140E of Article 89B of the Maryland Code, 1943 Supp., (above referred to) is a sufficient basis for the contention that it constitutes by necessary implication, permission given by the Legislature for tort suits against the State Roads Commission. No Maryland authority has been cited in support of the contention. The possible existence of indemnifying insurance is not sufficient to show that the State Roads Commission is provided with funds in this case available for the payment of any judgment against it. The latter fact may or may not be true according to the particular provisions of the policy, and the solvency of the insurer, and the exercise of the option by the State Roads Commission with respect to the waiver of immunity. It is not alleged that either expressly or impliedly the Commission has waived immunity in this case. The effect of indemnifying insurance taken out by State agencies or eleemosynary corporations not otherwise liable in tort suits, has been discussed in some cases. The generally prevailing view seems to be that its mere existence is not sufficient to create liability in tort unless the legislative enact-

ments creating the agency or corporation considered as a whole, lead to the conclusion that it was the intention of the Legislature to impose such liability on the agency or corporation. See Taylor v. Knox County Board of Education, 292 Ky. 767, 167 S.W.2d 700, and the annotation thereof in 145 A.L.R. 1336. And also Brooks v. Clark County, 297 Ky. 549, 180 S.W.2d 300.

The doctrine of sovereignty of a State against tort actions by its agencies or other employes in governmental functions is still a very firmly established doctrine of American law. I think it is true in recent years that there has been legal discussion as to whether in view of the nature of the American government, federal and state, the doctrine of sovereign immunity based on the English common law, should be maintained. But unless the Legislature provides to the contrary, the courts must apply the law as it is. In the federal field the recent enactment of the Federal Tort Claims Act is an express congressional enactment which does waive the sovereign immunity to suit against the government for torts of its agents under certain carefully prescribed restrictions. There is no similar enactment by the Maryland Legislature.

■ It may be suggested that the operation of a ferry, with the right to exact tolls and the accompanying hazards in transportation, is an unusual extension of the ordinary activities of the State Roads Commission, and that there may be persuasive arguments addressed to the Legislature to the effect that the State Roads Commission should be required to carry indemnifying insurance and liable in tort to the extent of the availability thereof. But this is obviously a matter for the consideration of the Maryland Legislature and cannot be made the basis for a legal adjudication, in the absence of legislative permission to sue the State Roads Commission in tort.

■ For these reasons I have concluded that the motion to dismiss the State Roads Commission as a third-party defendant in this case must be granted.

Counsel may submit the appropriate order.