HARTFORD ACCIDENT & INDEMNITY CO. ET AL. *v.* N. O. NELSON MANUFACTURING CO.

No. 239. Argued January 12, 1934.—Decided February 5, 1934.

See also 166 Miss. 222; 135 So. 497.

*Mr. L. Barrett Jones,* with whom *Mr. W. Calvin Wells* was on the brief, for appellants.

*Mr. Gerard Brandon,* with whom *Mr. Gerard H. Brandon* was on the brief, for appellee.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The controversy hinges upon the validity of a statute of Mississippi whereby the bond of a contractor guaranteeing to an owner the faithful performance of a contract for the construction of a building shall inure to the benefit of persons furnishing material or labor, and this though the bond expresses an intention to exclude them.

The statute challenged by the appellants was enacted in March 1918, and is framed for the protection of subcontractors, materialmen, laborers and journeymen who have had a part in the making of buildings or of structures akin thereto. Laws of 1918, c. 128; Mississippi Code of 1930, §§ 2274–2281.

354

By section 1 (which amended § 3074 of the Code of 1906), materialmen or laborers, not paid by a contractor, may give notice in writing to the owner, and thereupon any amount due from the owner to the contractor shall be bound in the hands of the owner for the payment *pro rata* of claims covered by the notice.

By section 2, no contractor may " assign, transfer, or otherwise dispose of in any way, the contract or the proceeds thereof, to the detriment or prejudice " of materialmen or laborers, and " all such assignments, transfers, or dispositions " shall be in subordination to their rights, " provided, however, that this section shall not apply to any contract or agreement where the contractor or the master workman shall enter into a solvent bond " conditioned as provided for in section 3 thereof.

By section 3, any bond for the faithful performance of a building contract shall include a guarantee that the contractor shall make payment to materialmen and laborers, and if such a provision is omitted, the bond shall inure to the protection of materialmen and laborers as if the provision were expressed. The text of this section is quoted in the margin.[1]

---

[1] Sec. 3. When any contractor or subcontractor entering into a formal contract wth any person, firm or corporation, for the construction of any building or work or the doing of any repairs, shall enter into a bond with such person, firm or corporation guaranteeing the faithful performance of such contract and containing such provisions and penalties as the parties thereto may insert therein, such bond shall also be subject to the additional obligations that such contractor or subcontractor, shall promptly make payments to all persons furnishing labor or material under said contract; and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond; and any such person who has furnished labor or materials used therein, for which

In October, 1926, Natchez Investment Company, Inc., the owner of land in Natchez, Mississippi, made a contract with builders, J. V. and R. T. Burkes, for the construction of a hotel. The Burkes made a subcontract with Acme Engineering Company for the plumbing, heating and ventilating work, and the subcontractor assigned its contract to the N. O. Nelson Manufacturing Company, the appellee in this court. By the principal contract, provision was made for the giving of a bond which was to secure materialmen and laborers as well as the owner.[2] Thereafter, the contractors did furnish a bond for the cost of the building ($316,822) with the Hartford Accident & Indemnity Company as surety, but a bond giving narrower protection, or so the surety contends, than the one that had been promised. The bond that was furnished refers to and incorporates the contract between the owner and the builders. It provides that if the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal faithfully

---

payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have his rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the rights or claim for damages or otherwise, of the obligee. If the full amount of the liability of the surety therein is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the obligee, the remainder shall be distributed pro rata among said interveners. The bond herein provided for may be made by any surety company authorized to do business in the State of Mississippi.

[2] The specifications state that " it shall be the obligation of every contractor and sub-contractor estimating upon work under this contract operation to figure and include within his bid to furnish a bond in the sum and conditioned as the law of the State of Mississippi requires, in a surety company satisfactory to the Owner or Architects." " The bond shall . . . secure the Owner the faithful performance of the contract, in strict accordance with plans and specifications," and " shall protect the Owner against all liens or claims that may be filed against the building according to the laws of the State of Mississippi."

to perform the contract, the obligation shall be void, otherwise to remain in force, provided, however, that the obligee shall have complied with certain conditions precedent for the protection of the surety. One is that the terms of the building contract shall be faithfully fulfilled in so far as they call for performance on the part of the owner, the surety to be relieved of all liability in the event of a default. Another is that if the obligee shall have notice of any claim against the contractor for unpaid labor or material, no further payments shall be made by the obligee to the contractor until such claims are satisfied. Finally, in an effort to cut off materialmen and laborers, the bond provides that "no right of action shall accrue upon or by reason hereof to or for the benefit of any one other than the obligee named herein."

The contractors for the building made default in the performance of their contract owing large sums of money to materialmen and laborers, including Acme Engineering Co., appellee's assignor. Thereupon, the Investment Company, the owner, sued in the Chancery Court of Adams County, Mississippi for a decree construing the bond, adjudging that it was subject to the rights and liabilities defined in § 3 of the statute, and determining the proportionate interests of those entitled thereunder. The contractors, the surety, and various subcontractors, materialmen and laborers were joined as defendants, as well as an assignee of moneys due upon the contract. Other subcontractors and materialmen intervened and by cross-bill and otherwise sought relief upon the bond. The Supreme Court of Mississippi held upon demurrer that the bond was one for the faithful performance of a building contract within § 3 of the statute; that its effect was to substitute a new security for the protection of materialmen and laborers in place of that provided by §§ 1 and 2; and that by force of that substitution the contractor had become free to assign and dispose of the

contract and the proceeds thereof. An assignment to a bank of moneys due from the owner to the amount of upwards of $26,000 was accordingly sustained. *Hartford Accident & I. Co.* v. *Natchez Investment Co.,* 155 Miss. 31; 119 So. 366. The cause having been remanded to the Court of Chancery, there was a trial of the issues, which was followed by a new appeal. *Hartford Accident & I. Co.* v. *Natchez Investment Co.,* 161 Miss. 198, 219; 132 So. 535, 135 So. 497. On that appeal the court reiterated its ruling as to the operation of the bond. It held that " none of the provisions of the bond had the effect of writing out of the contract " the provisions of the statute, " and could not have that effect." "All stipulations contrary to the statutory provisions must be disregarded so far as persons furnishing labor or material are concerned." An appeal to this court was dismissed for defect of parties. *Hartford Accident & I. Co.* v. *Bunn,* 285 U.S. 169.

In the meantime, the N. O. Nelson Manufacturing Company, the present appellee, had intervened in the Court of Chancery by leave of that court, and had made claim to its proportionate share of the proceeds of the bond. The surety renewed the contest, as it was privileged to do (*Bigelow* v. *Old Dominion Copper Co.,* 225 U.S. 111, 127), insisting that the bond was unaffected by the statute, and that there could be no holding to the contrary without an arbitrary interference with liberty of contract and a resulting violation of the Fourteenth Amendment. The Chancellor, overruling these contentions, gave judgment upon the bond in favor of the intervening claimant. The Supreme Court of Mississippi affirmed upon the authority of its earlier opinions. 147 So. 815. See also *U. S. F. & G. Co.* v. *Parsons,* 147 Miss. 335; 112 So. 469. An appeal to this court followed, the surety on the appeal bond joining as appellant with the surety on the bond in suit. *Hartford Accident & I. Co.* v. *Bunn, supra.*

As to the meaning of the statute now challenged as invalid the Supreme Court of Mississippi speaks with ultimate authority. *Knights of Pythias* v. *Meyer,* 265 U.S. 30, 32; *Great Northern Ry. Co.* v. *Sunburst Co.,* 287 U.S. 358, 362; *Guaranty Trust Co.* v. *Blodgett,* 287 U.S. 509, 513. We assume in accordance with its ruling that the statute was intended to apply to such a bond as the one in controversy here, and to blot out the clauses repugnant to the statutory scheme. The only question in this court is whether the result is consistent with the Constitution of the United States. Opposition is asserted by counsel for the surety. We think it is unreal.

Materialmen and laborers may be secured by mechanics' liens upon land improved or affected by their material or labor, and this without reference to technical and ancient concepts of privity of contract. *Great Southern Hotel Co.* v. *Jones,* 193 U.S. 532, 550; *Jones* v. *Great Southern Hotel Co.,* 86 Fed. 370; *Piedmont & Georges Creek Coal Co.* v. *Seaboard Fisheries Co.,* 254 U.S. 1, 9, 10. For like reasons they may be secured as against the owner by a lien upon any moneys due to the contractor, and secured as against the contractor by a lien upon any moneys collected from the owner. *Hartford Accident & I. Co.* v. *Natchez Investment Co.,* 155 Miss. 31, 51; 119 So. 366; *U. S. F. & G. Co.* v. *Parsons, supra;* cf. *United States* v. *American Surety Co.,* 200 U.S. 197; *Mankin* v. *United States,* 215 U.S. 533; *Illinois Surety Co.* v. *John Davis Co.,* 244 U.S. 376, 380. The fundamental liberties protected by the Fourteenth Amendment do not include immunity from restraints so deeply rooted in policy and justice. *Hardware Dealers Mutual Fire Ins. Co.* v. *Glidden Co.,* 284 U.S. 151, 157; *Advance-Rumely Thresher Co.* v. *Jackson,* 287 U.S. 283. The owner contracting with a builder or making payments under the contract may be required to give heed to the equities of a subcontractor or a workman adding

value to the land. The builder may be required to give heed to the same equities in contracting with the owner or in disposing of his contract or of the moneys paid thereunder.

The statute of Mississippi was framed in a genuine endeavor to make these equities prevail. Neither owner nor builder is commanded to give a bond, though decisions are not lacking that such a command will be upheld.[3] Cf. *Gant* v. *Oklahoma City*, 289 U.S. 98; *Brazee* v. *Michigan*, 241 U.S. 340. All that the statute does by force of § 3 is to standardize the form, at least in some particulars, when bonds are freely given, and to define the consequences attaching to the standard thus prescribed. The form shall include a clause for the protection of materialmen and laborers: the consequences shall include the exemption of the owner from the burden of a lien, and a like exemption of the builder. *U. S. F. & G. Co.* v. *Parsons, supra.* The security of the bond becomes a substitute for the security of the building contract and of the moneys due thereunder. No arbitrary restraint of liberty of contract is laid upon the owner. His personal liability toward materialmen and laborers is not greater by a dollar than it was at the beginning. To the contrary, it is less. By force of the new security he is relieved of the burden of a lien, yet he has priority of interest in the proceeds of any suit upon the bond. See § 3 quoted *ante*. No arbitrary restraint of liberty is laid upon the builder. Upon the giving of a bond he is charged with a liability in favor of materialmen and laborers, a liability consistent with fair dealing between men in that relation, but he is relieved of the duty of holding present

---

[3] *Rio Grande Lumber Co.* v. *Darke*, 50 Utah 114; 167 Pac. 241; *Roystone Co.* v. *Darling*, 171 Cal. 526; 154 Pac. 15; *American Indemnity Co.* v. *Burrows Hardware Co.*, (Texas) 191 S.W. 574; cf., however, *Gibbs* v. *Tally*, 133 Cal. 373; 65 Pac. 970; *Hess* v. *Denman Lumber Co.*, (Texas) 218 S.W. 162, 164.

and future payments as a fund impressed with a trust and devoted to specific uses. *U. S. F. & G. Co.* v. *Parsons, supra.* . Indeed, this very builder took advantage of that privilege, making an assignment of the contract and its proceeds to a bank; and because of the bond the assignment was upheld. *Hartford Accident & I. Co.* v. *Natchez Investment Co.,* 155 Miss. 31, 53; 119 So. 366. Plainly he is in no position to complain that the statute is invalid in its application to himself. Indeed, owner and builder do not declare themselves aggrieved, but through silence and inaction, if not otherwise, evince submission and consent. The only other person whose interests are affected is the surety on the bond. If the statute is valid in its application to owner and builder, to obligee and principal, there can be no privilege of the surety to contract on better terms. The secondary obligation must follow the primary one, and conform to its restraints. The surety has the alternative either to write its indemnities and guaranties upon the only terms permitted to obligee and principal, or to renounce the writing altogether. The business of insurance is one peculiarly subject to supervision and control. *German Alliance Ins. Co.* v. *Kansas,* 233 U.S. 389; *National Union Fire Ins. Co.* v. *Wanberg,* 260 U.S. 71; *Hardware Dealers Mutual Fire Ins. Co.* v. *Glidden Co., supra.* The Fourteenth Amendment does not make it necessary that materialmen and laborers shall be deprived of fair protection to the end that sureties for profit may be given an opportunity to diversify their bonds.

Liberty of contract is not an absolute concept. *Hardware Dealers Mutual Fire Ins. Co.* v. *Glidden Co., supra; Advance-Rumely Thresher Co.* v. *Jackson, supra; Atlantic Coast Line R. Co.* v. *Riverside Mills,* 219 U.S. 186, 202; *Chicago, B. & Q. Ry. Co.* v. *McGuire,* 219 U.S. 549, 567; *Mutual Loan Co.* v. *Martell,* 222 U.S. 225, 235; *Highland* v. *Russell Car & Snow Plow Co.,* 279 U.S. 253,

261. It is relative to many conditions of time and place and circumstance. The constitution has not ordained that the forms of business shall be cast in imperishable moulds. There is no question here of the impairment of the obligation of a contract by later legislation. The act assailed by the appellants was in existence for many years before the bond in suit was written. Principal and surety in writing it became subject to the statutes then in force, and by these they must abide.

The judgment of the Supreme Court of Mississippi is accordingly

*Affirmed.*