## FUTRELL v. BRANSON.
### No. 11386.

Circuit Court of Appeals, Eighth Circuit.

June 20, 1939.

John C. Sheffield, of Helena, Ark., for appellant.

J. B. Daggett, of Marianna, Ark. (Daggett & Daggett and C. E. Daggett, all of Marianna, Ark., on the brief), for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and BELL, District Judge.

BELL, District Judge.

This is an action by appellant as receiver of a closed national bank to recover an assessment on the capital stock owned by appellee. The answer admits the allegations of the complaint and pleads the three-year statute of limitations of Arkansas as a defense. The plea was sustained and this appeal is from the judgment entered.

The business of the Lee County National Bank of Marianna, Arkansas, was suspended March 6, 1933. The Comptroller of the Currency levied an assessment on the capital stock of fifty per cent (50%) on July 6, 1934, and an additional fifty per cent (50%) on November 6, 1935. This action was commenced against appellee on February 9, 1938, which was more than three years after the first assessment but less than three years after the second assessment. Judgment was entered for the appellant for the amount of the second assessment but denied for the amount of the first assessment on the ground that the action therefor was barred by the three-year statute of limitations.

The statutes of limitation of Arkansas apply. McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500. Pope's Digest, Statutes of Arkansas, Section 8928, provides:

"The following actions shall be commenced within three years after the cause of action shall accrue, and not after:

"First: All actions founded upon any contract or liability, expressed or implied, not in writing; * * *."

Section 8938 provides:

"All actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued."

In Armstrong v. McAdams, 8 Cir., 46 F.2d 931, 933, this Court applied the five-year statute of limitations. In that case it apparently was conceded that the Supreme Court of the state of Arkansas had not decided the question. Referring to the decisions cited in support of its conclusion that the question had not been decided, the Court said: "It is apparent that the Arkansas cases are not controlling on the question here to be decided. They do not constitute 'fixed and received constructions' of the matters here to be determined which should be followed by the federal courts. * * *."

The Court further said: "When therefore the Supreme Court of a state does not decide a question as to commit itself to it, it cannot be called an interpretation of the statute or any evidence of what it is, and necessarily does not bind the national courts to follow it. No interpreta-

tion having been placed by the Arkansas Supreme Court on section 6950 in its relation to section 5151 of the Revised Statutes of the United States (12 U.S. C.A. § 63), being the question before us, we are left to follow the opinion of the Supreme Court of the United States."

It is unnecessary to consider whether the decision in the Armstrong case is sound, or whether the Supreme Court of Arkansas had decided the question prior to the date of that decision, or what the interpretation of the federal courts at that time had been; because, since the opinion in that case was rendered, the Supreme Court of Arkansas has very definitely held that the three-year statute of limitations applies. Hospelhorn v. Burke, 196 Ark. 1028, 120 S.W.2d 705; Vandover v. Lumber Underwriters, Ark., 126 S.W.2d 105.

In the Hospelhorn case it was contended that a cause of action to recover the superadded stockholder's liability arising in the state of Maryland was barred by the statute of limitations applying to a penalty. The Court held that a liability for a stock assessment was in the nature of an "obligation by contract" and not a penalty, and that the three-year statute of limitations applied. The opinion referred to the decision of this court in the Armstrong case "as a matter of interest" but without further comment. In connection with its conclusion that the statute of limitations applicable to actions for a penalty did not apply, the Court said [196 Ark. 1028, 120 S.W.2d 709]: "It was held in Nebraska National Bank v. Walsh, 68 Ark. 433, 440, 59 S.W. 952, 82 Am.St.Rep. 301, that actions founded upon any contract or liability, expressed or implied, not in writing the applicable statute of limitations was three years."

In the recent case of Vandover v. Lumber Underwriters, supra, the question as to which statute of limitation to apply in an action to enforce a stockholder's liability was again presented. In the opinion in that case the Court said [126 S.W.2d 109]:

"In Hospelhorn, Receiver, v. Burke [196 Ark. 1028] 120 S.W.2d 705, the court quoted with approval from Nebraska National Bank v. Walsh, 68 Ark. 433, 59 S.W. 952, 82 Am.St.Rep. 301. The Hospelhorn suit was one against Mrs. Burke

to enforce collection of an assessment on stock it was alleged she owned in an insolvent Maryland bank. The question was whether the action was for a penalty, and therefore barred by the two-year statute of limitation, or a statutory liability attaching to a contractual obligation not in writing. The opinion referred to that part of the Nebraska National Bank case where Mr. Justice Wood said: 'Having reached the conclusion that this is a statutory liability, and not a penalty, the statute of limitations would be that applicable to "all actions founded upon any contract or liability, expressed or implied, not in writing" * * * for, before the forms of action were abolished, debt was the proper action for enforcing a statutory liability of the kind under consideration.'

"Effect of the Hospelhorn case was to hold that a suit to enforce liability upon a bank stock assessment must be brought within three years, and not thereafter, and we so hold."

■ The construction given to a state statute by the highest judicial tribunal of the state may be regarded as a part of the statute and is binding on the courts of the United States. Supreme Lodge Knights of Pythias v. Meyer, 265 U.S. 30, 44 S.Ct. 432, 68 L.Ed. 885; Senn v. Tile Layers Protective Union, 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229; Hartford Accident & Indemnity Co. v. Nelson Co., 291 U.S. 352, 54 S.Ct. 392, 78 L.Ed. 840; Balkam v. Woodstock Iron Company, 154 U.S. 177, 14 S.Ct. 1010, 38 L.Ed. 953; Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; Futrall v. City of Pine Bluff, 8 Cir., 87 F.2d 711; St. Louis & San Francisco Railroad Company v. Quinette, 8 Cir., 251 F. 773. Such was the rule in the United States Courts long prior to the decision in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Ruhlin v. New York Life Insurance Company, 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290.

■ Since the Supreme Court of the state of Arkansas now has clearly and definitely held that the three-year statute of limitations applies to an action to enforce a bank stock liability, it is the duty of this court to follow, consequently, the judgment is affirmed.