## FUTRALL v. RAY.

### No. 11653.

### Circuit Court of Appeals, Eighth Circuit.

### May 13, 1940.

John C. Sheffield, of Helena, Ark., for appellant.

J. B. Daggett, of Marianna, Ark. (Daggett & Daggett and C. E. Daggett, all of Marianna, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant as receiver of the Lee County National Bank, appointed by the Comptroller of the Currency, to recover an assessment made by the Comptroller of the Currency on the capital stock owned by the appellee in a closed national bank. The parties will be referred to as they appeared below.

Plaintiff's complaint was in conventional form, but there was attached to it as an exhibit the order made by the Comptroller of the Currency levying the assessment. The answer admitted all the allegations of the complaint and pleaded the three year Arkansas Statute of Limitations, Pope's Dig.Ark. § 8928. The lower court sustained the plea, and entered judgment of dismissal, and plaintiff has appealed.

An extended statement of facts would seem to be unnecessary because it is admitted that the only question involved is whether the Statute of Limitations began to run from November 6, 1935, the date the assessment was levied, or whether it did not begin to run until December 13, 1935, the date fixed by the Comptroller in his order for the payment of the assessment. There is no controversy about the applicable statute. Futrell v. Branson, 8 Cir., 104 F.2d 409.

The lower court held that the cause of action accrued on the date of the levying of the assessment, and hence, was barred by the three year Arkansas Statute of Limitations. There is no doubt that the liability of a stockholder in a national bank does not accrue until the assessment has been made by the Comptroller of the Currency. There were two assessments made by the Comptroller, the first bearing date July 6, 1934 for fifty per cent of the par value, and the second bearing date November 6, 1935, for an additional fifty per cent of the par value of the capital stock. It is admitted that the action to recover the first assessment is barred by the Statute of Limitations under the authority of Futrell v. Branson, supra. The order of

assessment here under consideration, which was dated November 6, 1935, embodied a statement that the assessment made was "to be paid by them ratably on or before the 13th day of December, 1935, and I hereby make demand upon each and every one of them (the stockholders) for an additional fifty per cent of the par value of each and every share of the capital stock of said association owned by them, respectively, at the time of its failure; and I hereby direct A. F. Callaway, the Receiver heretofore appointed, to take all necessary proceedings, by suit or otherwise, to enforce to that extent the said individual liability of the said shareholders."

It is the contention of plaintiff that the cause of action which came into existence with the entry of this order of assessment did not accrue until December 13, 1935, the date named by the Comptroller as the time for payment of the assessment. It is conceded that if the statute did not begin to run until December 13, 1935, then the action was not barred, but that if it began to run on November 6, 1935, the date of making the assessment, then it was barred. The Statute of Limitations began to run from the time the cause of action accrued, and this, we think, was the date on which the assessment was made. Pufahl v. Estate of Parks, 299 U. S. 217, 57 S.Ct. 151, 81 L.Ed. 133; Armstrong v. McAdams, 8 Cir., 46 F.2d 931; Coffey v. Fisher, 6 Cir., 100 F.2d 51.

In Armstrong v. McAdams, supra, this identical question was before us. It is urged, however, by plaintiff that there was no statement in the assessment there considered of a future payable date, and that the levy on its face was made payable immediately. While the opinion does not disclose the wording of the order, a reference to the original record discloses that, as in the case at bar, the order of assessment fixed a date for payment. The assessment was dated August 10, 1926, but was by the order required to be paid on or before November 16, 1926. This court there said: "The cause of action accrued August 10, 1926, the date the assessment was made by the Comptroller of the Currency. Suit was therefore instituted more than three years after the cause of action accrued * * *."

But we think the question has been definitely put to rest by the decision of the Supreme Court in Pufahl v. Estate of Parks, supra. In the course of the opin-ion in that case it is said [299 U.S. 217, 57 S.Ct. 155, 81 L.Ed. 133]: "The liability is imposed by the statute. The original subscriber and likewise an immediate or remote vendee of the shares assumes a status—that of stockholder. The assumption of this status involves whatever conditions or burdens the federal statutes have imposed as incident to the holding of national bank shares. The contingent obligation to pay an assessment is rendered absolute by the Comptroller's action in ordering one; whether that action be taken during the stockholder's life or after his death. *From the moment of the Comptroller's order for assessment the bank's receiver has a claim which would support an action of debt at common law against a living stockholder, or the executor of a deceased stockholder.* [Italics supplied.]"

The act of the Comptroller in fixing some future date for payment was not specifically authorized by the statute, but was an act of grace or courtesy voluntarily extended by him. It amounted to no more than a statement that while the assessment was due, he would not enforce it until a later date. Many of the authorities cited by plaintiff holding that the Statute of Limitations commences to run on the date on which the Comptroller makes the assessment payable, were decided prior to Pufahl v. Estate of Parks, supra, and many of them arose out of court receiverships under a prior statute, and in many of them the question of the Statute of Limitations was not considered. Strasburger v. Schram, 68 App.D.C. 87, 93 F.2d 246, is in point, and is contrary to the conclusion reached by this court in Armstrong v. McAdams, supra. The decision, while entitled to great respect, is not of such persuasive character as to cause us to depart from our former decision. The opinion in that case makes no mention of the decision of the Supreme Court in Pufahl v. Estate of Parks, supra. In the recent case of Coffey v. Fisher, supra, the Sixth Circuit considered this question. In the course of the opinion the court said [100 F.2d 54]: "We recognize that there are decisions supporting his contention but the last pronouncement of the Supreme Court is to the contrary."

The court then cites Pufahl v. Estate of Parks, supra, and quotes from it the portion which we have already quoted in this opinion. The Coffey case involved

the question of an extension of time of payment granted by the Comptroller. The court, in referring to the effect of such extension, said: "While the extensions were acts of grace to unfortunate stockholders, and made here, as stated in the declaration, at their request, through their committee and for their convenience, nevertheless they do not for that reason toll the statute."

As the making of the assessment fixed the liability of the stockholders, the cause of action immediately accrued, and the act of the Comptroller purporting to extend the time for payment did not toll the statute. Donald v. Bird, 9 Cir., 85 F. 2d 663; Drain v. Stough, 9 Cir., 61 F.2d 668, 87 A.L.R. 490; Johnson v. Greene, 9 Cir., 88 F.2d 683; Rankin v. Barton, 199 U.S. 228, 26 S.Ct. 29, 50 L.Ed. 163.

The judgment appealed from is therefore affirmed.