STATE OF NEW JERSEY, DEFENDANT, v. FREDERICK WALTER SMIGELSKI, PROSECUTOR.

Submitted January 20, 1948—Decided May 10, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Anthony A. Calandra.*

For the defendant, *Horace K. Roberson, John J. Grossi* and *William P. Gannon.*

The opinion of the court was delivered by

DONGES, J.   *Certiorari* was allowed to review the action of the Hudson County Court of Oyer and Terminer in refusing to quash an indictment for murder or to transfer the matter to the Juvenile and Domestic Relations Court of Hudson County.

Prosecutor was indicted by the grand jury of Hudson County for the murder of John Joseph Preston, Jr., at the Town of Harrison, Hudson County, on September 12th, 1947. The indictment was presented to the Hudson County Court of Oyer and Terminer on October 14th, 1947.   On October 31st, 1947, prosecutor was arraigned in that court, where objection was made by prosecutor, through his counsel, that the court was without jurisdiction to arraign prosecutor because

he was a juvenile under the age of eighteen years, being fourteen years and one month old when the alleged crime was committed, and that the Juvenile and Domestic Relations Court had exclusive jurisdiction of the matter. Prosecutor stood mute and refused to plead to the indictment. Thereupon the presiding judge directed that a plea of not guilty be entered to the indictment.

Prosecutor urges that under *R. S.* 9:18–12 as amended by chapter 77 of the laws of 1946, exclusive jurisdiction was given to the Juvenile and Domestic Relations Court.

The act provides:

"9:18–12. The juvenile and domestic relations court shall have exclusive jurisdiction to hear and determine all cases of juvenile delinquency.

"Juvenile delinquency is hereby defined as the commission by a child under eighteen years of age of any act which when committed by a person of the age of eighteen years or over would constitute:

"(a) A felony, high misdemeanor, misdemeanor, or other offense * * *."

The act then enumerates other offenses.

The amendment of 1946 increased the age of juvenile delinquents from sixteen years of age to eighteen years, and further provided that in the case of any person between the ages of sixteen and eighteen years, if it appeared that he was an "habitual offender or has been charged with an offense of a heinous nature," the court may refer such case to the prosecutor of the pleas of the county wherein the court is situate, and, also provided that any offender between the ages of sixteen and eighteen years may demand a presentment and trial by jury, in which case the matter is referred to the prosecutor of the pleas. In the event of a reference by the court, or on demand of the accused, the case proceeds "in exactly the same manner as any other criminal case involving an adult offender."

The claim of prosecutor is that the act in question gives the Juvenile and Domestic Relations Court exclusive jurisdiction over all cases of juvenile delinquency and that it was necessary that all charges against prosecutor be made in that

court, and that the matter could go to the Court of Oyer and Terminer only in compliance with the provisions of the 1946 amendment, which action would be taken by the Juvenile Court.

It would appear that the purpose of the 1946 act was to extend the age of juvenile delinquents from 16 to 18 years, but to leave it to the court to determine whether a person between 16 and 18 years of age, charged with an offense, should be dealt with as an adult offender, and affording the accused the same opportunity for action by a grand jury and trial jury as is given to an accused adult. The constitution provides for the trial of criminal offenses. The applicable constitutional provisions are found in article I and are as follows:

"The right of a trial by jury shall remain inviolate * * *; (8) In all criminal prosecutions the accused shall have the right to a * * * public trial by an impartial jury; to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel in his defense; (9) No person shall be held to answer for a criminal offense, unless on presentment or indictment of a grand jury * * *."

The questions here involved have been dealt with by our Court of Errors and Appeals in several cases. In *In re Mei*, 122 *N. J. Eq.* 125, Chief Justice Case states, "At the time of the alleged murder Mei was of the age of fifteen years and four months. From this it is argued on behalf of the appellant that Mei could commit no crime, that the Court of Oyer and Terminer therefore had no power to apprehend or detain Mei's person and that the order of incarceration which it undertook to make was void. It was held by this court (*In re Daniecki*, 119 *N. J. Eq.* 359, in adopting the opinion of the late Vice-Chancellor Backes, reported in 117 *N. J. Eq.* 527), that the Court of Oyer and Terminer had not been divested of its jurisdiction in cases of murder and that the juvenile court was not adequately established to try indictments for that enormous offense. It is argued that that determination was error. We think that it was not. But it is said further

that the recent changes in the statutory law have outmoded the reasoning of that opinion and have made it of no value as a precedent for our present guidance." These changes of 1935 and 1946 make no change in the jurisdiction of the Juvenile and Domestic Relations Court, but go to procedure in the mentioned situations. In the Mei case, it was said, "We think that a charge which is in effect that of murder cuts so deeply into human emotions, collides so violently with life's experiences and fair expectations, and is so horrible in fact and in the contemplation of society, that it remains a crime within the purview of the constitution, whatever name and whatever treatment may be appended to it by the legislature.

"Whatever authority the juvenile court may have with respect to a proceeding instituted and prosecuted therein without protest from the accused, we find that a charge which grounds in an act of murder constitutes a criminal accusation within the meaning of the constitution. We have seen that a charge of delinquency grounded in murder must, as in all other instances, specify the act complained of. It is plain therefore that if a lad be charged with being a delinquent in that he has done that which, in a person of age, would be murder, the charge will carry upon its face that which entitles the accused to the constitutional procedure, just as completely as if such a reservation had been set out in terms in the juvenile court statute. * * * That procedure may presently be had only at the instance of the grand jury and of the Court of Oyer and Terminer. The procedure therein must still be available. If that be so, then those instrumentalities have not been divested of jurisdiction.

"We conclude that the Juvenile Court Act has not shorn the Court of Oyer and Terminer of its jurisdiction in murder cases. The substantial purpose of the legislative plan that it should do so having failed, we consider that, for the reasons stated earlier in this opinion (*P. L.* 1935, *ch.* 285), does not apply. Murder is indictable and triable as heretofore. It follows that the commitment under review is valid."

The prosecutor relies upon *State* v. *Goldberg,* 124 *N. J. L.* 272; *affirmed,* 125 *Id.* 501, in which the Court of Errors

and Appeals dealt with the jurisdiction of a Juvenile and Domestic Relations Court. There the defendant was indicted by the Bergen County grand jury on two counts, one charging assault with intent to kill, and one charging the carrying of concealed weapons. The Juvenile Court asserted jurisdiction under the Juvenile Court Act, and the Court of Oyer and Terminer claimed jurisdiction on the ground that the Juvenile Court Act was unconstitutional. It was held that the statute conferring jurisdiction on the Juvenile and Domestic Relations Court was valid in that case because the alleged offense was not murder, and the provisions of the statute did not violate the constitutional provisions for the protection of the individual, except where, as is the case with murder, the very laying of the accusation is an affront which should not be permitted without the finding of a charge by a grand jury.

We conclude that the commitment under review is valid and must be affirmed. The writ is dismissed.