**UNITED STATES ex rel. SCOTT
v. BABB, Sheriff.**

No. 10728.

United States Court of Appeals,
Seventh Circuit.

Nov. 14, 1952.

Rehearing Denied Nov. 25, 1952.

John D. Vosnos, Chicago, Ill., for appellant.

James V. Cunningham, Asst. State's Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Scott appeals from a judgment dismissing his petition for a writ of habeas corpus. At the time the petition was filed,

relator was incarcerated in the county jail of Cook County, Illinois, awaiting execution of a sentence of death imposed upon his conviction of murder on May 18, 1951. It appears that Scott had been indicted for the murder of William Murphy, a police officer of the City of Chicago, and that he had been tried and found guilty by a jury in the criminal court of Cook County, Illinois, before the Honorable Thomas E. Kluczynski, a duly elected and qualified judge of the circuit court of Cook County, Illinois.

Section 26 of Article VI of the Illinois Constitution, S.H.A. establishes the criminal court of Cook County, and, among other provisions, are the following: "The terms of said criminal court of Cook county shall be held by one or more of the judges of the circuit or superior court°of Cook county, as nearly as may be in alternation, as may be determined by said judges, or provided by law. Said judges shall be ex officio judges of said court." And § 25 of Article V of the Illinois Constitution provides: "All civil officers * * * shall, before they enter on the duties of their respective offices, take and subscribe the * * * oath or affirmation: '* * * I will support the constitution of the United States, and the constitution of the State of Illinois, and * * * I will faithfully discharge the duties of the office of ...... according to the best of my ability.'"

The relevant facts in relator's petition are that by virtue of these provisions no judge of the circuit or superior court of Cook County is a judge of the criminal court of Cook County, unless he has been assigned thereto by a joint order rendered by a majority of the judges of the circuit and superior courts of Cook County, duly assembled together as a public body at a meeting convened; that no order had ever been rendered jointly by a majority of the judges of the circuit and superior courts assigning Judge Kluczynski to the criminal court of Cook County, for the performance of judicial duties, and that he never had subscribed to an oath that he would faithfully discharge the duties

of a judge of the criminal court of Cook County, hence Judge Kluczynski had not been constitutionally appointed or qualified to perform the judicial functions of a judge of the criminal court of Cook County.

Relator's petition discloses that long prior to his trial in the criminal court, the judges of the circuit and superior courts of Cook County adopted a rule that the judges who are to sit in the criminal court shall be designated from time to time by the executive committee of each court, consisting of the chief justice and two representatives of the chancery and law division, and that pursuant thereto, prior to relator's trial, the executive committee of the circuit court entered an order, effective February 5, 1951, and continuing to and until the further order of the committee, assigning Judge Kluczynski to the criminal court of Cook County.

It also appears that the Supreme Court of Illinois reviewed the judgment of the criminal court. It was there contended that the judgment was null and void on the ground that the judge who heard the case had never been assigned to the criminal court by an order of the judges of the circuit and superior courts of Cook County, jointly as a public body, and that the presiding judge had not taken an oath of office as judge of the criminal court of Cook County, as required by both the United States and Illinois Constitutions. The Court affirmed the judgment, and held that a judge of the circuit court of Cook County who had taken his oath of office as such, and had been assigned by the executive committee of that court to preside as a judge of the criminal court of Cook County, was qualified to act as a judge of the criminal court without taking any other oath of office. People v. Lindsay, 412 Ill. 472, 107 N.E.2d 614. Relator sought no certiorari from the United States Supreme Court. In the District Court, the respondents, John E. Babb, sheriff of Cook County, and Phillip Scanlon, warden of the county jail, moved to dismiss relator's petition. The court,

after due consideration, sustained the motion, and the petition was dismissed.

We think the Supreme Court of Illinois correctly decided that Judge Kluczynski was legally assigned by the executive committee of the circuit court of Cook County to preside as a judge of the criminal court and was qualified to act as a judge of that court. Moreover, its decision on that question was a matter arising under the Illinois Constitution, state statutes and rules of the state court, and is binding on us. Hanover Fire Ins. Co. v. Harding, 272 U.S. 494, 509, 47 S. Ct. 179, 71 L.Ed. 372; Hartford Accident Co. v. N. O. Nelson Mfg. Co., 291 U.S. 352, 358, 54 S.Ct. 392, 78 L.Ed. 840; International Union, etc. v. Wisconsin Employment Relations Board, 336 U.S. 245, 251, 69 S.Ct. 516, 93 L.Ed. 651; and Akins v. Texas, 325 U.S. 398, see footnote at page 399, 65 S.Ct. 1276, 89 L.Ed. 1692.

The first question confronting us is whether relator's failure to seek a certiorari from the Supreme Court of the United States deprived the District Court of jurisdiction to consider his petition for a writ of habeas corpus. In Darr v. Burford, 339 U.S. 200, 217, 70 S.Ct. 587, 597, 94 L.Ed. 761, the Court said: " * * * orderly federal procedure under our dual system of government demands that the state's highest courts should ordinarily be subject to reversal only by this Court and that a state's system for the administration of justice should be condemned as constitutionally inadequate only by this Court." However, in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, because there was grave doubt whether the state judgment constituted an adjudication of a federal question, the District Court was allowed to hear Wade's petition for habeas corpus even though he had not applied to the Supreme Court for certiorari, and we were told that in such a situation, his failure to secure certiorari should not prejudice his subsequent petition for habeas corpus in the District Court, or as was said in Darr v. Burford, 339 U.S. 200, 215, 70 S.Ct. 587, 596, 94 L.Ed. 761: "Even after this Court has declined to review a state judgment denying relief, other federal courts have power to act on a new application by the prisoner." Hence we think these cases are authority for us to consider whether there is any merit to relator's claim of a violation of the United States Constitution.

The federal question is whether the presiding judge, sitting as a judge of the criminal court of Cook County, took an oath as required by the federal Constitution. Article VI, clause 3, of the United States Constitution requires that all legislative, executive, and judicial officers both of the United States and of the several States "shall be bound by Oath or Affirmation, to support this Constitution * * *." Judge Kluczynski took an oath to support the Constitution of the United States and to faithfully discharge the duties of the office of judge of the circuit court of Cook County, and as such judge he was, under the provisions of the Illinois Constitution, by virtue of his office, a member of the criminal court of Cook County, subject to specific assignment by the judges of the circuit court to sit and preside in the criminal court, and to perform the duties of his office. Thus, his duties as a judge of the criminal court devolved upon him by virtue of his election and qualification as a judge of the circuit court, to be performed only upon proper designation. He did not become a new "judicial officer" upon such designation and therefore was not required to take the oath anew.

In this connection we think it is significant that it has long been the practice in the federal courts, pursuant to the Acts of Congress, for United States judges to act, under proper designation, outside their own circuits or districts. See 28 U.S.C.A. § 296. It has never been the practice for judges thus designated to take a new oath. The original oath as a judicial officer is sufficient to cover all acts which the judge may legally be assigned to perform. So here, Judge Kluczynski's original oath was sufficient to cover all acts performed in the execution of his duties as a circuit judge, including his tour of duty in the

criminal court. We conclude that here there was no violation of the federal Constitution. It follows that the judgment of the District Court must be affirmed. It is so ordered.